# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00077-CV

**Appellants, Texas State Board of Examiners of Marriage and Family Therapists;
Charles Horton in his Official Capacity; Sandra DeSobe in her Official Capacity, and
Texas Association of Marriage and Family Therapy//
Cross-Appellant, Texas Medical Association**

**v.**

**Appellee, Texas Medical Association//
Cross-Appellees, Texas State Board of Examiners of Marriage and Family Therapists;
Charles Horton in his Official Capacity; Sandra DeSobe in her Official Capacity, and
Texas Association of Marriage and Family Therapy**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-08-003279, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## CONCURRING AND DISSENTING OPINION

I respectfully dissent from the portion of the majority's opinion that affirms the trial court's declaration that rule 801.42(13) is void.

TMA makes too much of the use of the term "diagnose" in the MFT Board's rules, virtually turning this case into a game of semantics. TMA assumes that the rules use a *medical* definition of "diagnose." But because MFTs do not practice medicine, this assumption is unwarranted and unreasonable. Why would a non-medical body draft a rule using a term in its purely medical sense when a non-medical sense is available and arguably more common? The only reasonable construction of the rules is that the MFT Board used "diagnose" in the more common,

traditional sense: "**diagnose** . . . . 2: to determine the causes of or the nature of by diagnosis <the teacher diagnosed and corrected the boy's reading difficulties>." Webster's Third New Int'l Dictionary 622 (2002). The term "diagnosis" likewise has a common, non-medical meaning: "**diagnosis** . . . . 3: investigation or analysis of the cause or nature of a condition, situation, or problem <heat-flow measurements in the earth can aid in our diagnosis of the earth's condition>." *Id.* Thus, the term "diagnose" does not necessarily refer to recognizing, identifying, and treating a disease, and it easily comes within the general concept of "evaluation" used in the MFT Act.

The MFT Act expressly authorizes MFTs to engage in "the evaluation and remediation of cognitive, affective, behavioral, or relational dysfunction in the context of marriage or family systems." Tex. Occ. Code § 502.002(6). The challenged rules say nothing that would require or even permit an MFT to go outside those areas. Rule 801.42(13) states that an MFT may provide "diagnostic assessment" utilizing the knowledge organized in the well-known DSM manual. No therapist could hope to successfully *remediate* "cognitive, affective, behavioral, or relational dysfunction" in a marriage or family system without performing a "diagnostic assessment" (in the general sense) of the individuals involved, and any therapist who attempted to *evaluate* an existing dysfunction in a marriage or family system without considering clear mental and emotional issues of the individuals involved would likely be committing malpractice.

Although the DSM manual is often used by psychiatrists, the categorization of mental disorders that it contains can obviously provide essential information to an MFT attempting to assist couples and families suffering from cognitive, affective, behavioral, or relational dysfunction.

2

In addition, the statutory definition of "practicing medicine" also contains a requirement that the person who is doing the "diagnos[ing], treat[ing] or offer[ing] to treat a mental or physical disease" must "directly or indirectly charge[] money or other compensation *for those services*." Tex. Occ. Code § 151.002(a)(13)(B) (emphasis added). But an MFT who merely "utilizes the knowledge" in the DSM is not charging for the service of diagnosing a mental or emotional disease. Rather, he or she is simply using the knowledge organized in the DSM as part of developing an overall strategy for how best to remediate the clients' cognitive, affective, behavioral, or relational dysfunction in the context of a marriage or family system. For this additional reason, the Therapist Board's rules do not constitute "practicing medicine."

I would uphold the validity of both rules. Accordingly, I would reverse the portion of the trial court's judgment declaring Rule 801.42(13) void.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Filed: November 21, 2014

3